## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-22126-CV-WILLIAMS/TORRES

CARMEN ROMERO,

        Plaintiff,

v.

REGIONS FINANCIAL CORPORATION/
REGIONS BANK,

        Defendant.

_____/

## <u>ORDER ON PLAINTIFF'S MOTION TO AMEND</u>

Before this Court is a Motion for Leave to File a Second Amended Answer, with accompanying affirmative defenses, filed by Defendant REGIONS FINANCIAL CORPORATION ("Defendant" or "Regions") on March 18, 2019. [D.E. 43]. Plaintiff CARMEN ROMERO ("Plaintiff" or "Romero") responded in opposition to the Motion on March 25, 2019 [D.E. 45], and Defendant's Reply followed on April 1. [D.E. 49]. The matter is therefore fully-briefed and ripe for disposition. Following our review of the parties' briefing materials, the record before us and the governing legal authorities, we hereby **ORDER** that the Motion be **GRANTED**.

### *I.*     *BACKGROUND*

The underlying action stems from Defendant's termination of Plaintiff's employment in July of 2016. Defendant argues the termination occurred because

Plaintiff attempted to open an account for an individual when she was not authorized to do so; Romero, on the other hand, argues that she had been discriminated against on the basis of her age. To that end, Plaintiff filed a Complaint in state court – later removed to this District based on diversity jurisdiction – alleging that Regions engaged in age discrimination and violated the Florida Civil Rights Act when it terminated her employment.

The Court entered its Scheduling Order on June 19, 2018 and required the parties to amend any and all pleadings by December 7 of that year. [D.E. 11].  The dispute before this Court involves whether Defendant should be allowed to amend its affirmative defenses after the deadline to amend has passed and based on testimony made by Plaintiff at her deposition. Plaintiff opposes the relief sought, arguing Defendant failed to demonstrate "good cause" required by Rule 16 of the Federal Rules of Civil Procedure. We disagree with Plaintiff's position and find that Defendant's Motion should be granted.

The deposition at issue took place on January 31, 2019, in Miami, Florida. During the course of that deposition, Ms. Romero testified that she had not opened the account that Defendant contends caused her to be fired.[1] Instead, she testified that her *supervisor* provided information necessary to open the account – information that the computer system barred her from entering – and that Romero had nothing

---

[1]     At a discovery hearing taking place before the undersigned on April 19, 2019, Defendant argued that Ms. Romero had been terminated because she attempted to open a banking account for an unauthorized person.

to do with the account in question besides obtaining basic information required of any new banking customer.

Defendant, based on this testimony, then moved this Court to amend its affirmative defenses to assert that this "after-acquired information" would have supported Plaintiff's termination. Such information is a key affirmative defense for any defendant subject to a discrimination suit, and one that we earlier required Defendant to withdraw because it lacked sufficient factual allegations to support the assertion of such defense. *See* Discovery Hearing, October 26, 2018. [D.E. 16-18]. Now that those facts are available to Defendant, and due to the burden the law requires in proving such a defense, we find amendment appropriate. *See Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012) (after-acquired information "is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order."); *Wallace v. Dunn Construction Co., Inc.*, 62 F.3d 374, 379 (11th Cir. 1995) ("In order to benefit from the after-acquired evidence rule…[defendant] must provide that the misconduct revealed by the deposition was so grave that [plaintiff's] immediate discharge would have followed its disclosure in any event.") (quotation and citation omitted).

## II.   ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Fed. R. Civ. P. 15(a). The Rule states a party may amend any such pleading only after obtaining written consent from the opposing party or through leave of the

court. Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id*.

If leave to amend is sought after the deadline to amend pleadings – which would therefore require modification of the Court's scheduling order – a party must additionally establish "good cause" to support the amendment. Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively [ ] read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). The good cause standard precludes modification of the scheduling order "unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id*. (quotation and citation omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Defendant should be given leave to amend its affirmative defenses here because it satisfies the "good cause" standard required by Rule 16(b). Newly discovered evidence can supply the necessary good cause under that Rule. *Allstate Ins. Co. v. Regions Bank*, 2014 WL 4162264, at *3-4 (S.D. Ala. Aug. 19, 2014). Here, and as discussed at the discovery hearing that took place before the undersigned on April 19, 2019, we find credible Defendant's claim that Plaintiff had not previously disclosed the information it argues gives rise to the amendment of its affirmative defenses – namely, that another employee entered the information leading to her termination, and not Plaintiff herself. Our review of the record also shows that

Plaintiff had been provided numerous opportunities to disclose this *specific information* to Defendant (and not the broad, general "sham" argument raised by Plaintiff in its Response, which we reject) at several points during the course of the litigation. She chose not to do so until her deposition, and Defendant, exercising diligence, shortly thereafter sought to amend its affirmative defenses. *Cf. Sosa*, 133 F.3d at 1419 (affirming district court's decision not to give leave to amend under Rule 16(b) because facts allegedly supporting amendment were known prior to filing suit and moving party "took no steps to acquire [the] information early in the discovery period."). This satisfies the "good cause" inquiry, and leave should therefore be given.

Our decision at the discovery hearing two weeks back also supports the granting of Defendant's Motion. At that hearing, we provided Plaintiff the opportunity to conduct depositions on additional topic areas concerning newly-disclosed documents and video provided by Regions. In our view, it would be manifestly unjust to allow Plaintiff to depose additional individuals outside the discovery cutoff based on facts raised by her own testimony, yet deny Defendant the opportunity to amend its affirmative defenses concerning that very same information.

### III.   CONCLUSION

For these reasons, Defendant's Motion is **GRANTED**. Regions shall file its Amended Affirmative Defenses within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of May, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge